STOULIG, Judge.
Plaintiffs, Mr. and Mrs. Thomas Bisigna-ni, have appealed a judgment dismissing their suit against defendant, Sport Car Brokerage, Inc. (1) for the rescission of a sale on an automobile for redhibitory vices; and (2) for damages for personal injuries their minor son Tab allegedly incurred when the defective vehicle caught fire.
The record contains a writing evidencing that on September 8, 1975 defendant sold Mrs. Bisignani a used 1968 Volkswagen convertible with an odometer reading of 87,617 miles for $1,295. The bill of sale bears the logo of Sport Car Brokerage, Inc., and all the printed material is readable at a glance. The print is large. Across the bottom appears the caveat: “The above vehicle is warranted as to title only.”
Before the sale was made, Gary Gaethe, defendant’s representative, assured plaintiffs that the following defects they pointed out would be repaired: (1) wires dangled loose from the chassis; (2) the trunk would not open because the lock release was inoperable; and (3) a vent window was broken. Almost immediately the first two conditions were remedied. The window was replaced in due course after Gaethe obtained the replacement part.
Plaintiff accepted the car with the understanding the window would be replaced in the near future. Within several days Tab *396 and his father noticed the shift would not stay in fourth gear and also that a red caution light, indicating a faulty generator, remained lit on the dashboard. There is a discrepancy' in the testimony of the various members of the Bisignani family as to when the problem with the shift first manifested itself. In any event plaintiffs returned the car to the defendant’s premises and Gaethe agreed to repair it at no extra expense.
When plaintiffs returned a week later, the gear had not been repaired. Gaethe affixed a strap around a front seat and told Tab Bisignani to loop it tautly around the gearshift to hold the fourth gear position. This was to be a temporary arrangement until defendant could obtain a transaxel for the seven-year-old car, which was needed to permanently remedy the gearshift condition. At this time the defendant installed a new generator.
The day the car was returned to Tab with the jerry-rigged gear and the new generator, it caught fire as he was backing out of his driveway. The mechanic who subsequently repaired the fire damage said it probably started in the carburetor; but he testified that the carburetor was properly installed and was not defective. While the standard Volkswagen carburetor has a single barrel, the mechanic explained, the Bisignani car had a double barrel system which had a tendency to leak more gas and make the car more susceptible to fire.
The mechanic did not say this carburetor was unsafe. The record bears out the cost for repairing the damages and repainting the affected area was approximately $50. Plaintiffs produced no testimony to rebut the expert opinion tendered on defendant’s behalf.
Finally, plaintiffs returned the car and refused to accept it after defendant had the fire damage repaired. In dismissing this suit the trial judge held that this case was governed by C.C. art. 2531,[1] which requires a seller to remedy vices and defects in the object he sells which are apparent and which the buyer could have and did discover by simple inspection. C.C. art. 2521. The record reflects that the seller corrected plaintiffs’ complaints as promptly as the availability of parts would permit.
The evidence fails to establish the gearshift problem was apparent at the time of the sale. Even though Mrs. Bisignani and Tab both testified it became obvious the first time Tab shifted into fourth gear, the record does not bear this out. Mr. Bisigna-ni described the shift popping out of fourth gear as he and his son drove on the Lake Pontchartrain Causeway. Tab also testified to driving on high speed arteries in Jefferson Parish before he became aware of the shift problem. Under these circumstances, it is difficult to accept the statement of Mrs. Bisignani and Tab that the first time he shifted into fourth gear on the way to a football game the gear popped out. There is not much evidence about the generator problem but the record is uncon-tradicted that it was repaired. Additionally the fire damage and the gearshift were repaired and the car was tendered back to plaintiffs. Defendant has met its obligation under the law.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. C.C. art. 2531. “The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.”